# QUALLEY v STATE OF FLORIDA
## Case No. 89-134 AC
Eleventh Judicial Circuit, Dade County

October 25, 1990

### APPEARANCES OF COUNSEL

**Henry H. Harnage,** Assistant Public Defender, for appellant.

**Monique T. Befeler,** Assistant Attorney General, for appellee.

Before BARAD, KORNBLUM, DAVIS, JJ.

### OPINION OF THE COURT

PER CURIAM.

Scott Qualley, the Appellant, was charged with Driving While His License Was Suspended. His Motion to Suppress, in which he contended that he was illegally detained, was denied. He then entered a Plea Of No Contest, reserving the right to appeal.

Appellant now additionally argues there is no record of the proceedings and that he therefore is entitled to a new hearing on his Motion to Suppress.

Appellant Qualley and the State have filed Motions to Supplement the Record, which motions are hereby granted.

Except for the contention that we do not have an adequate record, the one point involved is whether the officer illegally stopped or detained Appellant, Qualley.

We find that we do have a sufficient record in the deposition of Officer Brooks, which the trial court had before it in ruling on the motion.

Considering the totality of the circumstances as testified to by Officer Brooks, we find that:

1. When Officer Brooks took the Appellant's license to run a computer check, Qualley was not free to leave and the so-called "encounter" became a stop. *State v Scruggs*, 563 SO.2d 717 (Fla. 3d DCA 1990).

2. Officer Brooks had a well-founded reasonable suspicion that justified the stop.

AFFIRMED.